# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MARIO IVAN OÑA OÑA,

     Petitioner,

v.                                                                      No. 1:26-cv-00475-MLG-GBW

TODD BLANCHE,
Acting Attorney General of the United States; et al.,

     Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RESPONDENTS IMMEDIATELY RELEASE PETITIONER

This matter is before the Court on Petitioner Mario Ivan Oña Oña's Verified Petition for Writ of Habeas ("Petition"), Doc. 1. Oña Oña, an Ecuadorian citizen, is detained at the Cibola County Correctional Center in Milan, New Mexico. Doc. 1 at 4 ¶ 7. For the reasons below, the Court grants the Petition and orders Respondents immediately release Oña Oña.

## BACKGROUND

Oña Oña entered the United States through Yuma, Arizona in August of 2023. Doc. 1 at 5 ¶ 13. He was arrested by Customs and Border Protection ("CBP") agents and taken into custody "as authorized by section 236 of the Immigration and Nationality Act"[1] ("INA") on August 5, 2023. Doc. 6-1. Respondents placed him in removal proceedings because he was a "[noncitizen][2] present in the United States who has not been admitted or paroled." Doc. 6-2 at 1 (citing Section

---

[1] Section 236 of the INA is codified as 8 U.S.C. § 1226.

[2] "This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

212(a)(6)(A)(i) of the INA); Doc. 6-3. Oña Oña was subsequently released from custody.[3] For the next three years, Oña Oña continuously resided in the United States. Doc. 1 at 5 ¶ 13. His most recent residence was in Minneapolis, Minnesota with his family. *Id.* at 6 ¶ 18. He filed an application for asylum in 2024. *Id.* at 5 ¶ 14. Oña Oña has no criminal history. *Id.* at 5 ¶ 16.

Respondents have detained Oña Oña since January 2026. On January 12, 2026, Immigration Customs Enforcement ("ICE") agents surrounded Oña Oña while he was driving in his vehicle in Minneapolis. *Id.* at 5, 6 ¶¶ 13, 19.[4] As Oña Oña was rolling down his window as instructed, the ICE agents broke the passenger window and dragged him out of the vehicle. *Id.* at 6 ¶ 20. Oña Oña complied with all commands and did not resist arrest. *Id.* He is not the subject of a final order of removal. [5] *Id.* at 6 ¶ 15. Oña Oña continues to be detained without any individualized hearing or showing that detention is warranted. *Id.* at 6 ¶ 17.

In his Petition, Oña Oña challenges his continued detention and seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal immigration authorities to immediately release

---

[3] Neither Oña Oña nor Respondents provided any explanation for his release from custody in 2023. *See* Docs. 1, 6, 7.

[4] Oña Oña claims "upon information and belief" that the ICE agents who apprehended him in January of 2026 did not have a warrant for his arrest. Doc. 1 at 7 ¶ 21.

[5] If circumstances have changed and a final order of removal has been issued, pre-removal custody is still at issue if Oña Oña timely appealed the order. *See Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1136 (D. Or. 2025) (noting the government conceded a petitioner "remains in removal proceedings under 8 U.S.C. § 1229a during his administrative appeal of the dismissal of his removal proceedings"); *Patel v. Tindall*, No. 3:25-cv-373-RGJ, 2025 WL 2823607, at *4–5 (W.D. Ky. Oct. 3, 2025) (ruling a petitioner's "section 1229a proceedings continue to be active, as the decision of an immigration judge becomes final upon waiver of appeal or upon expiration of the time of appeal" and that the petitioner timely filed an appeal of the decision) (internal citations omitted).The parties have not informed the Court of any order of removal or an appeal of a final order of removal. *See generally* Docket. The Court will therefore assume no final order of removal is in effect.

him or conduct a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* at 12-13, 18 ¶¶ 38-41. Oña Oña argues his detention is governed by 8 U.S.C. § 1226(a) rather than § 1225(b)(2) as asserted by Respondents. *Id.* at 8-12 ¶¶ 30-37. Oña Oña asserts his detention therefore violates the Fifth Amendment Due Process Clause, § 1226, and the Administrative Procedure Act. *Id.* at 13- 16, ¶¶ 42-58. On March 6, 2026, Respondents filed a Response to the Petition. Doc. 6. Oña Oña filed a reply in support of his Petition. Doc. 7.

## DISCUSSION

### I.     Section 1226 Governs Oña Oña's Detention

The dispositive question presented by the Petition is whether Oña Oña's detention is governed by § 1226(a), or whether he is instead subject to the mandatory detention provision provided by § 1225(b)(2)(A).[6] This Court has been presented with this same issue as applied to similarly situated defendants, and, as in those cases, the Court hereby finds § 1226(a) governs Oña Oña's detention. *See Cortez-Gonzales v. Noem*, 811 F. Supp. 3d 1287, 1295-98 (D.N.M. 2025); *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025). Like the "vast majority" of courts confronted with this issue, the Court has concluded that § 1226(a)—not § 1225(b)(2)(A)—governs the detention of noncitizens like Oña Oña, who has resided in the United States for three years. Doc. 1 at 5 ¶ 13; *see, e.g.*, *Bethancourt Soto v. Soto*,

---

[6] *Compare* § 1226(a)(2) ("On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." (emphasis added)), *with* § 1225(b)(2)(A) ("[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a . . . ." (emphasis added)).

807 F. Supp. 3d 397, 408 (D.N.J. 2025) (emphasis removed) (collecting cases concluding that "§ 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States" and not to noncitizens who have been residing in the United States for several years); *Barco Mercado v. Francis*, 811 F. Supp. 3d 487 (S.D.N.Y. 2025) (noting the interpretation that § 1225 requires mandatory detention of all noncitizens living in the United States was rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A).

Federal Respondents maintain their position that § 1225(b)(2)(A) applies to Oña Oña's detention. *See* Doc. 6. They concede the facts in this case are not materially distinguishable from previous cases. *Id.*at 3. Respondents do assert the procedural posture here warrants a departure from the Court's previous rulings because Oña Oña was "placed into § 1229a removal hearing as an applicant for admission based on his border apprehension in 2023[.]" *Id*. Respondents' records contradict their argument that § 1225(b)(2)(A) applies. The warrant issued by CBP in 2023 was made pursuant to § 1226. Doc. 6-1; *see also* n.1 *supra* 1. Respondents do not explain why they now rely on § 1225(b)(2)(A) as authority to detain Oña Oña. *See generally* Doc. 6. Moreover, Oña Oña cannot be considered an applicant "seeking admission" as required by § 1225(b)(2)(A) three years after his initial detention.[7] "The active construction of the phrase 'seeking admission' . . . necessarily implies some sort of present-tense action." *Cortez-Gonzalez*, 811 F. Supp. 3d at 1296 (internal quotations omitted). Oña Oña is no longer seeking to enter the United States—he is already here. *See id.*

---

[7] Respondents' reliance on § 1226 to detain Oña Oña is further demonstrated in the Notice to Appear ("NTA") that CBP issued following his initial arrest. The NTA does not state he is an "arriving alien," though containing a box to designate this information. *See* Doc. 6-2 at 1. An arriving alien would be "seeking admission" pursuant to § 1225(b)(2)(A). Instead, the NTA indicates Oña Oña is "present in the United States[.]"

Federal Respondents also cite the United States Court of Appeals for the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) as support that § 1225(b)(2)(A) controls. *See* Doc. 6 at 3 n.2. This is not binding authority. Additionally, the majority of circuit courts have concluded § 1226(a) applies to the pre-removal detention of noncitizens like Oña Oña rather than § 1225(b)(2)(A). *See Barbosa da Cunha v. Freden*, --- F.4th ----, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, --- F.4th ---- , 2026 WL 1223250, at *10-11 (7th Cir. May 5, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, --- F.4th ----, 2026 WL 1243395 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, --- F.4th ----, 2026 WL 1283891 (6th Cir. May 11, 2026). The Court therefore concludes with the majority of circuit courts that § 1226(a) governs Oña Oña's detention.

## II.      Ongoing Violation of the Fifth Amendment Due Process Clause

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint— lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693. Given that § 1226(a) is controlling, Oña Oña is entitled—as a right— to the due process provided to him under that statute, an individualized bond hearing. *See Cortez-Gonzalez*, 811 F. Supp. 3d at 1298; *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025); *Gonzales Ramos*, 2025 WL 3653928, at *4-5. Oña Oña's continued detention without such review constitutes an ongoing violation of his right to due process. *See Cortez-Gonzalez*, 811 F. Supp. 3d at 1298.

5

### III.     Immediate Release is the Appropriate Remedy

Federal courts are authorized to "dispose of [a habeas petition] as law and justice require" and thus possess broad discretion to fashion appropriate relief. *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012) (internal quotations omitted)(citing 28 U.S.C. § 2243) *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (noting "the traditional function of the writ [of habeas corpus] is to secure release from illegal custody"); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice'" (emphasis in original)) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969). Oña Oña has been deprived of liberty since January 2026 due to Respondent's violation of § 1226(a). Doc. 1 at 6 ¶¶ 17, 19. The Court "acknowledges that release—whether immediate or otherwise on a bond hearing or otherwise—may 'be a distinction without a difference.'" *Aguilar-Rodriguez v. Ladwig*, No. 2:26-cv-02168-TLP-tmp, 2026 WL 1266251, at *8 (W.D. Tenn May 8, 2026) (quoting *Hernandez v. Ladwig*, No. 2:26-cv-02081-SHL-atc, 2026 WL 324020, at *9 (W.D. Tenn. Feb. 6, 2026)). "After all, the Government may at any time detain an illegally present noncitizen under § 1226(a), subject to a bond hearing, and thus it is not necessary for this Court to order one." *Hernandez,* 2026 WL 324020, at *9; *see also* § 1226(a). Given the ongoing violation of Oña Oña's due process rights, the remedy justice requires in this matter is immediate release.[8] *See Hernandez,* 2026 WL 324020, at *9. Immediate release will address the lack of due process afforded to Oña Oña and restore him to the status quo prior to the violation of his Fifth Amendment rights. *See id* at *8; *see also Sosa v. De Anda-Ybarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL

---

[8] Respondents assert that the "appropriate habeas remedy is a prompt bond hearing rather than immediate release." Doc. 6 at 6. Respondents, however, offer no authority nor explanation for this position. *Id.*

1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than remanding for a bond hearing).

Accordingly, the Court grants Oña Oña's Petition. Respondents shall release Oña Oña within twenty-four hours of the entry of this Order. He shall be released with all identification documentation that he possessed on his person when detained by Respondents in January 2026 along with a copy of this Order.

If Respondents decide to re-detain Oña Oña, they must provide him a bond hearing before a neutral Immigration Judge pursuant to § 1226(a). Respondents are enjoined from pursuing Oña Oña's detention under 8 U.S.C. § 1225(b)(2)(A).

Respondents shall file a status report within three (3) days of this Order to certify compliance.

Oña Oña's request for attorney's fees and costs under the Equal Access to Justice Act ("EAJA") shall be considered. *See* Doc. 1 at 19; 28 U.S.C. § 2412(d)(1)(A); *Delay v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) ("[W]e read the EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention."). "Under [the] EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)). While fees are authorized, Oña Oña must "within thirty days of final judgment in the action, submit to the court an application for fees and other expenses," and include an allegation demonstrating that "the position of the United States was not substantially justified." § 2412(d)(1)(B). Upon filing the application, Respondents must justify their position in any underlying proceedings and district court litigation. *See Hackett*, 475 F.3d at 1170.

7

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA